IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                            05-cr-157-bbc

ALVIN TORRY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Alvin Torry's supervised release was held on June 17, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on March 9, 2006, following his conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to

the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 36-month term of supervised release to follow. On June 6, 2006, I reduced the term of imprisonment from 33 months to 27 months and affirmed the 36-month term of supervised release to follow the term of imprisonment.

On February 22, 2008, defendant began his term of supervised release. On November 18, 2008, I modified the conditions of his release to add Special Condition No. 5, requiring him to reside in a residential reentry center for a period of 120 days, after he submitted two urine specimens which tested positive for marijuana. In November 2009, defendant violated Standard Condition No. 11, requiring him to notify the probation office within 72 hours of being arrested or questioned by law enforcement, when he failed to report his November 4, 2009, arrest by Madison, Wisconsin, police for robbery with use of force, a Class E felony, Wis. Stats. § 943.32(1)(a). He also violated Standard Condition No. 2, requiring him to submit a truthful and complete written monthly report, when he failed to disclose his November 4, 2009, arrest on his November 2009 monthly supervision report form. Defendant also violated the mandatory condition prohibiting him from committing another federal state or local crime, as evidenced by his April 8, 2010, conviction for theft of movable property of $2500 or less, a Class A misdemeanor, Wis. Stat. § 943.20(1)(a). The conviction reflects a reduced charge. He was sentenced to serve a 30-day term of imprisonment with work release privileges.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3)(B) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant March 9, 2006, and affirmed on June 6, 2006, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum imprisonment to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 9, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months.  No term of supervised release shall follow the term of imprisonment.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of June 2010.

        BY THE COURT:

        /s/
        BARBARA B. CRABB
        U.S. District Judge